956 F.2d 277
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Alvin D. ESNAULT, Petitioner-Appellant,
v.
PEOPLE OF THE STATE OF COLORADO; Gale A. Norton, Attorney
General, of the State of Colorado, Respondents-Appellees.
 No. 91-1302.
 United States Court of Appeals, Tenth Circuit.
 Feb. 5, 1992.
 
 Before SEYMOUR, STEPHEN H. ANDERSON and BALDOCK, Circuit Judges.
 ORDER AND JUDGMENT*
 STEPHEN H. ANDERSON, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Alvin D. Esnault filed a federal petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, alleging two grounds of error in his state court trial on a charge of arson. He contends in his petition that the trial court erred by permitting lay opinion testimony, and that he was denied his constitutional right to be present when the trial court responded to a question from the jury after it had commenced its deliberations.
 
 
 3
 Later, Esnault filed a document in the district court entitled "Recommendation to Withdraw Count I", in which he recommended that the district court "drop Count I" [the lay opinion testimony issue], and rule on ground two. Whether the trial court erred in denying Mr. Esnault his constitutional right to be present during proceedings on the jury note." R.Vol. I. The district court thereafter entered its order adopting the magistrate judge's recommendation of dismissal for the reasons that the "First Ground" did not state a constitutional claim and the "Second Ground" had not been exhausted in state court.
 
 
 4
 On appeal, Esnault again raises his contention regarding the omission of lay opinion testimony (the "First Ground"). He also asserts that the district court erred in concluding that he failed to exhaust his claim regarding the note sent from the jury during deliberations (the "Second Ground"). Because the district court addressed the First Ground on the merits, rather than holding that the claim was withdrawn, we are obliged to reach the merits. Upon reviewing Mr. Esnault's petition, we conclude that the district court was correct in dismissing this portion of Esnault's petition. The allegations in the petition do not state a denial of a constitutional right.
 
 
 5
 As to the Second Ground, the record shows that Mr. Esnault expressly pursued that claim, on constitutional grounds, through the Colorado appellate system. The Colorado Court of Appeals decided the issue on the merits, and the Colorado Supreme Court denied certiorari on December 24, 1990. While Esnault may have failed to make a proper showing of exhaustion at the time he filed his federal habeas petition, it would serve no purpose to dismiss the petition and force Mr. Esnault to re-file, attaching the supporting documents which now appear in the record.
 
 
 6
 Accordingly, we grant Mr. Esnault's application for a certificate of probable cause, VACATE that part of the district court's order dismissing Mr. Esnault's petition with respect to the Second Ground, described above, and REMAND this case to the district court for consideration of the Second Ground on the merits. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3